**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCHESU MINOR** | : | |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-0518** |
| | : | |
| **PHILADELPHIA** | : | |
| **POLICE DEPARTMENT** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                JULY 19, 2021

  Plaintiff Marchesu Minor, a prisoner currently incarcerated within the Philadelphia Prison System, initiated this civil action by filing a Complaint against the Philadelphia Police Department. (ECF No. 1.)  By Order dated February 10, 2021, this Court informed Minor that if she sought to proceed with her case, she would be obligated to pay $402 in fees to the Clerk of Court because she is prohibited from proceeding *in forma pauperis* under the provisions of the "three-strike" clause of 28 U.S.C. § 1915(g).  (ECF No. 3.)  When Minor failed to pay the fees after being given an extension of time to do so, this Court dismissed her case, without prejudice, for failure to prosecute, by Order dated March 31, 2021.  (ECF No. 14.)

  Over the next three months, Minor filed a "Motion of Change of Counsel," which this Court denied, a Notice of Change of Address, a Notice of Payment, a "Brief," and a Letter.[1]  (ECF Nos. 16-21.)  On July 12, 2021, Minor remitted $402 to the Clerk of Court.  Since it appears Minor intends to proceed with this case and has satisfied her payment obligation to do so, and since this Court's dismissal of this case was without prejudice, this Court will vacate its March 31, 2021

---

[1]  To the extent Minor asks in her Brief to reopen other cases in other courts or in this Court, (*see* ECF No. 20 at 2), her request is denied without prejudice to her requesting individual relief in those cases. To the extent her filings contain any additional requests, they are denied without prejudice at this time.

dismissal Order.  However, since Minor is a prisoner, her Complaint is still subject to screening pursuant to 28 U.S.C. § 1915A.  After such screening and pursuant to that provision, this Court will dismiss Minor's Complaint for failure to state a claim without prejudice to amendment.

## I.    FACTUAL ALLEGATIONS[2]

Minor's Complaint is somewhat difficult to understand because it is written in a stream of consciousness manner about several different events.  Minor appears to be raising civil rights claims, presumably pursuant to 42 U.S.C. § 1983, primarily based on her interaction with three police officers during her arrest on December 31, 2020.  (ECF No. 1 at 1-2.)[3]  Minor alleges that one of more of the officers placed their knee in her back while she was face-down on the floor, and that she continues to experience pain and discomfort as a result.  (*Id.* at 4-5.)  She also alleges that one of the police officers subsequently choked her even though she was handcuffed at the time.  (*Id.* at 2 & 5.)  Minor notes that she was also choked while in handcuffs on March 10, 2020.  (*Id.* at 5.)

Minor raises additional allegations that appear unrelated.  She claims that on February 28, 2020, police "vandalized" a "corner entrance" of property owned by Minor and her mother.  (*Id.* at 2.)  It appears Minor was arrested on that date, although it is not clear why.  Minor also appears to be claiming that she reported a theft of her mother's money to the police.  (*Id.*)  Although unclear, Minor appears to be dissatisfied with how authorities handled the theft.  (*Id.*)  She also appears to be alleging that she was improperly charged with assault in March and August of 2020.  (*Id.*)  The Complaint generally references Minor's criminal proceedings in the state courts, of which there are several, and her civil cases in this Court, of which there are also several.  Minor

---

[2]    The following allegations are taken from Minor's Complaint.

[3]    The Court adopts the pagination supplied by the CM/ECF docketing system.

seeks damages "for the injustice of the acts of parties in the violation of Civil Rights and Injuries in the 2020 Administration of our Government." (*Id.* at 4.)

## II.      STANDARD OF REVIEW

Although Minor has paid the filing fee and administrative fee in full, the Court is required to screen her Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Minor is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, it appears Minor primarily intends to bring a claim for excessive force in violation of the Fourth Amendment based on the events of December 31, 2021,[4] although she may be raising other claims as well.  However, the only Defendant Minor has named is the Philadelphia Police Department.  It is unclear whether Minor can identify the police officers who allegedly used excessive force against her.  Nevertheless, a claim against the Philadelphia Police Department is not plausible.  Following the decision in *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.

---

[4]    "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ."  *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test.") (citing *Graham*, 490 U.S. at 395).

*Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Philadelphia Police Department is not a proper defendant in this case under § 1983 and must be dismissed.

In any event, Minor has not pled a basis for municipal liability. To state a claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Minor has not done so here.

## IV.   CONCLUSION

For the foregoing reasons, Minor's Complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). The dismissal of the Complaint is without prejudice because it is possible that Minor could assert a plausible claim against a defendant other than the Philadelphia Police Department based on the events she described in her Complaint. Accordingly, the Court will give Minor an opportunity to file an amended complaint if she can state a plausible claim against an appropriate defendant by identifying the defendant or defendants and describing what they did or did not do that resulted in a violation of her constitutional rights.

An appropriate Order follows.   *NITZA I. QUIÑONES ALEJANDRO,* U.S.D.C., J.