IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCHESU MINOR,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | NO. 21-CV-0518 |
| | : | |
| **PHILADELPHIA** | : | |
| **POLICE DEPARTMENT,** | : | |
| *Defendant.* | : | |

QUIÑONES ALEJANDRO, J.                                                                                         AUGUST 27, 2021

## MEMORANDUM

Currently before the Court is an Amended Complaint filed by Plaintiff Marchesu Minor ("minor") pursuant to 42 U.S.C. § 1983. For the reasons set forth, the Amended Complaint is dismissed, without prejudice, to Minor filing a second amended complaint as to her excessive force claims based on the three interactions she had with the police in 2020.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Minor, a prisoner incarcerated in the Philadelphia Prison System, submitted her Complaint to the Court in February of 2021. (ECF No. 1.) Since Minor is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless she is in imminent danger of serious physical injury at the time of filing, and since she was not in imminent danger when she submitted her Complaint, the Court required her to pay the fees to commence this civil action. (ECF Nos. 3 & 8.) Minor's case was dismissed, without prejudice, due to Minor's initial failure to pay the fees and was, subsequently reopened when she remitted the fees and the Complaint was screened pursuant to 28 U.S.C. § 1915A. (ECF Nos. 14 & 24.)

Minor's initial Complaint was somewhat difficult to understand because it was written in a stream of consciousness manner about several different events. She appeared to be raising civil

rights claims pursuant to 42 U.S.C. § 1983, primarily based on her interaction with three police officers during her arrest on December 31, 2020. (ECF No. 1 at 1-2.)[1] Minor alleged that one or more of the officers placed their knee in her back while she was face-down on the floor, and that she continues to experience pain and discomfort as a result. (*Id.* at 4-5.) She also alleged that one of the police officers subsequently choked her even though she was handcuffed at the time. (*Id.* at 2 & 5.) Minor also noted that she was choked while in handcuffs on a prior occasion on March 10, 2020. (*Id.* at 5.)

Minor raised additional allegations that appeared unrelated. She claimed that on February 28, 2020, police "vandalized" a "corner entrance" of property owned by Minor and her mother. (*Id.* at 2.) It appeared Minor was arrested on that date, although it was not clear why. She appeared to be alleging that she was improperly charged with assault in March and August of 2020. (*Id.*) The Complaint generally referenced Minor's criminal proceedings in the state courts, of which there are several, and her civil cases in this Court, of which there are also several. Minor sought damages "for the injustice of the acts of parties in the violation of Civil Rights and Injuries in the 2020 Administration of our Government." (*Id.* at 4.)

Initially, the Court construed Minor's Complaint as primarily raising claims for excessive force in violation of the Fourth Amendment based on the events of December 31, 2020. However, Minor only sued the Philadelphia Police Department. However, the Philadelphia Police Department, as a sub-unit of the local government, was not a "person" subject to liability under § 1983. (ECF No. 23 at 4.) The Court also observed that, in any event, Minor had not pled a basis for municipal liability because she did not allege that the excessive force (or any other conduct that allegedly violated her constitutional rights) stemmed from a municipal policy or custom. (*Id.*

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

at 5.) Since Minor failed to state a plausible claim against the only named Defendant, the Court dismissed her Complaint. However, the Court gave Minor an opportunity to amend the complaint if she "could assert a plausible claim against a defendant other than the Philadelphia Police Department based on the events she described in her Complaint." (*Id.*) The Court directed Minor to clearly identify all defendants she sought to sue and explained that she could refer to defendants as "John Doe #1, John Doe #2, etc." if she did not know their identities. (ECF No. 24.)

Minor returned with an Amended Complaint again naming only the "Phila Police" in the caption. (ECF No. 27 at 1.) On the second and third pages of the Amended Complaint, in the portion of the form that seeks additional information about the named defendants, Minor refers to attachments and then checked the location on the form indicating a desire to sue those defendants in their official capacities. (*Id.* at 2-3.) The relevant attachment appears to be a list of John Doe and Jane Doe officers employed by the Philadelphia Police Department. (*Id.* at 12-13.) The attachment lists three officers relating to events of December 31, 2020, one officer relating to events of March 10, 2020,[2] and seven officers relating to events of February 28, 2020. (*Id.*) Taking this information together, it appears Minor intends to sue these eleven officers of the Philadelphia Police Department in their official capacities.

The substance of Minor's claims again appears to primarily concern allegations of excessive force by officers of the Philadelphia Police Department, although Minor also alludes to false arrest and deprivation of property and invokes other legal principles, the relevance of which are not clear.[3] The Amended Complaint is focused on incidents that occurred on three dates —

---

[2] Minor's list of Defendants indicates that she is suing one officer in connection with the events of March 10, 2020, but her allegations at times suggest that two or possibly more officers were involved. (*Compare* ECF No. 27 at 12 *with id.* at 16 & 20.)

[3] For instance, Minor refers to the right to own property, (ECF No. 27 at 14), discusses privacy in the "family home," (*id.*), alludes to equal protection and cruel and unusual punishment, (*id.* at 14-15), and alleges that she was in treatment while she was in custody. (*Id.* at 21.) These allegations are conclusory

February 28, 2020, March 10, 2020, and December 31, 2020.  Minor describes the March 10, 2020, as follows:

> Physical injury liability from the malicious transport officer of March 10, 2020 injury to both arm is malicious and the liability is a personal injury for no valid cause of action as I was already handcuffed and 4 or 5 sets of cuff were removed arriving at 8th Race.  5501 Chestnut St. choking had 7 witnesses to the handcuffing by Officer's John Doe 1 and John Doe 2 as well as John Doe 1 and John Doe 2 transport officers.

(ECF No. 27 at 16.)  Minor clarifies that she was handcuffed inside 5501 Chestnut Street by Black and White officers who choked and strangled her while she was handcuffed.  (*Id.* at 20.)  She claims one officer grabbed her throat and lifted her from the floor.  (*Id.* at 22.)  It appears another officer or officers transported her to another location, where "police cuffed [her] with 4 sets of cuffs to [a] hospital bed injuring upper & lower arms" before transferring her again.  (*Id.* at 20.)

Minor describes the December 31, 2020 incident as follows:

> Once Officer John Doe 1, John Doe 2 and John Doe 3 entered 5501 Chancellor St I applied no conflict to arrest so I should not have been injured by them and once handcuff choking/strangulation is this what they are paid for?

(*Id.* at 16.)  She elaborates on the incident by alleging that when police entered 5501 Chancellor St., she "rolled over on [her] stomach to be handcuff[ed]" and was "physically assaulted" when three John Doe officers used their body weight, apparently to effectuate the arrest, and injured Minor's shoulder, lower back, and foot.  (*Id.* at 22.)

The February 28, 2020 incident is less clear.  Minor appears to be claiming she was scheduled to attend a deposition that day but was instead carried away by police who put her in a

---

and undeveloped, and do not support any plausible basis for a claim.  Additionally, although Minor's allegations reflect that she was arrested on several occasions, if she is attempting to challenge the constitutionality of her arrests, she has failed to state a plausible claim.  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995) (to state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause).  Accordingly, the Court will focus its analysis on Minor's allegations of excessive force, which are better developed and appear to be the focus of her lawsuit.

police wagon, held her down, and "drugged" her. (*Id.* at 23.) More specifically, Minor alleges that she was held down by "4 white police officers & 1 Black [Sergeant]." (*Id.*) The Amended Complaint suggests that this incident resulted from an intervention related to Minor's mental health.[4] (*Id.*) Minor alleges she was "choked in handcuffs" and injured on this occasion as well. (*Id.* at 24.)

Minor acknowledges in her Amended Complaint that the Philadelphia Police Department is a subunit of the municipality but appears to be alleging that the municipality has an obligation to identify its officers and, therefore, "municipality liability it is now pled." (*Id.* at 20.) She adds that "[i]t is not custom and policy to choke [and] strangle a defendant in handcuffs." (*Id.*) Minor seeks "punitive emotional financial damages." (*Id.* at 5.)

## II.    STANDARD OF REVIEW

Although Minor has paid the filing fee and administrative fee in full, the Court is still required, pursuant to 28 U.S.C. § 1915A, to screen her Amended Complaint. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A provides that the Court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be

---

[4]    The Amended Complaint describes Minor's experience with her mother and certain mental health proceedings. Those allegations appear to be included as background and do not clearly pertain to her allegations against the police other than, perhaps, to explain why they were interacting with her.

granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Minor is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III.   DISCUSSION**

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

It appears Minor primarily intends to bring claims for excessive force in violation of the Fourth Amendment based on the events of February 28, 2020, March 10, 2020, and December 31, 2020. She also appears to be bringing those claims against the "Phila Police" (apparently a

reference to the Philadelphia Police Department) and eleven John Doe Officers in their official capacities.

As explained to Minor in the Court's July 19, 2021 Memorandum, § 1983 claims against the Philadelphia Police Department are not plausible. Following the decision in *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978), courts have concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Accordingly, the Philadelphia Police Department is not a proper Defendant in this case.

Turning to Minor's official capacity claims against the officers, such claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). Accordingly, Minor's claims against the John Doe and Jane Doe Officers in their official capacities are essentially claims for municipal liability against the City of Philadelphia. To state a claim for municipal liability, a

plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  In other words, since Minor only sued the officers in their official capacities, rather than their individual capacities, she must allege not only that the officers used excessive force on her, but that the use of that force was attributable to the City of Philadelphia through a specific custom or policy.

As presented, Minor has not alleged a basis for municipal liability.  Rather, she contends that "municipality liability it is now pled" since "[i]t is not custom and policy to choke [and] strangle a defendant in handcuffs." (ECF No. 27 at 20.)  This allegation appears to acknowledge that the use of excessive force in question was not consistent with the City's policies.  Nor are there other allegations in the Amended Complaint that give rise to a plausible theory of municipal liability.  Accordingly, Minor has not stated a plausible basis for proceeding on her claims against the officers in their official capacities.[5]

---

[5] This does not mean, however, that Minor could not state a basis for excessive force claims against the officers in their individual capacities, which she did not do in her Amended Complaint.  "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ."  *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test.") (citing *Graham*, 490 U.S. at 395). Minor's allegations that she was choked while in handcuffs and not resisting suggests there may be a plausible basis for an excessive force claim against a proper defendant who was individually involved in the incidents.

## IV.	CONCLUSION

For the foregoing reasons, Minor's Amended Complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).  Minor will be given one more opportunity to amend the complaint, but only as to her excessive force claims based on the events of February 28, 2020, March 10, 2020, and December 31, 2020.  An appropriate Order follows, which provides further instruction as to amendment.

*NITZA I. QUIÑONES ALEJANDRO*, J.