IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCHESU MINOR,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 21-CV-0518 |
| | : | |
| **PHILADELPHIA** | : | |
| **POLICE DEPARTMENT,** | : | |
| *Defendant*. | : | |

**O R D E R**

**AND NOW**, this 27th day of August, 2021, upon consideration of Plaintiff Marchesu Minor's *pro se* Amended Complaint (ECF No. 27), it is **ORDERED** that:

1. The Amended Complaint is **DISMISSED**, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) for the reasons set forth in the accompanying Memorandum.

2. Minor may file a second amended complaint within thirty (30) days of the date of this Order as to *only* her claims of excessive force on the dates of February 28, 2020, March 10, 2020 and December 31, 2020.  Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Minor's claims against each defendant.  The second amended complaint must also provide as much identifying information for the defendants as possible.  Minor may refer to a defendant by last name only if that is the only identifying information possessed.  If Minor wishes to name individuals for whom she does not have any

identifying information, she may refer to those individuals as John Doe #1, John Doe #2, etc.[1] Her second amended complaint should state what each John Doe officer did to violate her rights. Additionally, the second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint or other papers filed in this case to state a claim. When drafting her second amended complaint, Minor should be mindful of the Court's reasons for dismissing the claims in her Complaint and Amended Complaint as explained in the Court's prior Memoranda. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

      3.      The Clerk of Court is **DIRECTED** to send Minor a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Minor may use this form to file her amended complaint if she chooses to do so.[2]

      4.      If Minor does not wish to amend and instead intends to stand on her Amended Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did

---

[1]     Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Minor may file.

[2]     This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5.  If Minor fails to file any response to this Order, the Court will conclude that Minor intends to stand on her Amended Complaint and will issue a final order dismissing this case.[3]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[3] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).